REGAN, Judge.
The plaintiffs, Audubon Area Zoning As--sociation, and the following members thereof,' Eugene D. Saunders, Lawrence A. Mol--ony, W. D. Roussel, Thorne Himel, Percy Monroe and Dr. Edward L. Levert, owners and occupants of property situated in Webster Street, instituted this suit endeavoring' to enjoin the defendant, Abraham Krushev-ski, from using his property designated by the municipal Nos. 1565-67 Webster Street, in the City of New Orleans, as a three family dwelling in contravention of the provisions of Ordinance No. 18,565, adopted by the Commission Council of the City of New Orleans on July 3, 1953, otherwise designated, for the purpose of brevity, as the Com-presensive Zoning Law of 1953.
Defendant answered and asserted on “information and belief” that the premises were designed for and-subsequently erected' as a triplex and were being used as such on June 6, 1929, the effective date of Ordinance' No. 11,302, C;C.S., which was then the Comprehensive Zone Law of 'the City of New Orleans, particularly Section 10(b) thereof, and that, as a consequence, a valid nonconforming use was established which now entitles him .to' continue to use the building as a three family dwelling.
From a judgment in favor of plaintiffs, defendant has’prosecuted-this appeal.
The record, while relatively voluminous, reveals these uncontraverted facts.
G. W. Prutsman, who erected the dwelling testified on behalf-of the plaintiffs without equivocation that the building was designed and ultimately constructed as a basement duplex or two family dwelling during the year of 1926 or 1927 and that the premises were used as such until either the year 1932 or 1933 when financial difficulties, ensued causing he' and his wife to move from the upper apartment into the basement of the building and, it was at this'time that they installed cooking and bathing facilities therein.
‘His wife; Mrs. 'G. W. Prutsman, was subpoenaed by and appeared to testify on behalf of the defendant. She related that the building was erected about 1926 and, to the best of her recollection, she and her husband resided in the upper apartment for about' six years when economic reverses caused them to move into the basement thereof. She stated that the basement was not used as an apartment or as a dwelling during the aforementioned period of six years, but that she, did use a portion thereof, which was divided into three rooms, as an office in which she conducted the activities of a Christian Science practitioner. In conclusion she asserted that the construction of án office in the basement was both contemplated and specified in the original plan of the building.
In -substantiation' of the foregoing testimony there appears in the record a photostatic copy of the building contract entered into between G. W. Prutsman and the Audm *462 bónp Homestead Associated, dated July 29, 1927, which reveals that Prutsman agreed, at that time, to erect a basement duplex in Webster Street which, upon completion, was designated by the municipal Nos. 1565-67.
The Comprehensive Zone Law of the City of New Orleans, Ordinance No. 11,-302, C.C.S., divides the metropolis into fifteen districts designated alphabetically “A through L” and enumerates the use to which the property may be subjected in the repective districts. The defendant’s property is situated in an “A” Residence District. The pertinent use regulations for such a district are set forth in Section 3 thereof and a triplex or three family dwelling is not included as a permissible use unless a three family dwelling or triplex qualified, on June 6, 1929, as a legal non-conforming use in accordance with Section 10 (b) thereof.
Ordinance No. 18,565, C.C.S., the present zoning law of the City of New Orleans, adopted July 3, 1953, reenacted Ordinance No. 11,302 insofar as the pertinent issues in this case are concerned and unless the defendant has established a legal non-conforming use as of June 6th, 1929, the plaintiffs are clearly, entitled to an injunction restraining him from continuing to use the building as a triplex.
By agreement of counsel it was stipulated that the building was being used as a triplex at the time of the institution of the suit and, on the date of the trial, thus the only question posed for our consideration is one of fact and that is whether the premises owned by the defendant were being used as a triplex on June 6, 1929, the effective date of Ordinance No. 11,302, C.C.S.
The trial court resolved this question of fact in favor of the plaintiffs and our examination of the record convinces us that its conclusions are correct.
Defendant, in the last analysis, insists that since Mrs. Prutsman admitted that she used a portion of the basement to house her offices as a Christian Science practitioner both before and after June 6, 1929, a nonconforming use was thus established and, therefore, the defendant now has a legal right to continue to use the building as a three family dwelling. -
We are of the opinion that the use of a portion of the basement by Mrs. Pruts-man to house her offices as a Christian Science practitioner was not in violation of Ordinance No. 11,302, C.C.S., in view of Section 3(11) (a) thereof which reads:
“Certain auxiliary uses customarily conducted in dwellings and homes, namely, the office of a physician, surgeon, dentist or other professional persons; provided no person shall engage in such professional occupation other than the members of the family who reside on the premises; * * (Italics ours.)
Webster’s New Collegiate Dictionary defines “practitioner” as follows:
“One who practices; esp. one who practices a profession. 2. Christian Science. An authorized healer.”
We believe that the phrase “or other professional persons” contained in Section 3 of the ordinance fully encompasses the occupation in which Mrs. Prutsman was engaged and, therefore, she was conforming to rather than violating the provisions of the ordinance, consequently, a non-conforming status was not established for the benefit of the property at the time of the adoption of the ordinance in June, 1929.
We said in City of New Orleans v. Buffa, La.App., 1953, 69 So.2d 140, 143, and we again reiterate:
“We are fully cognizant of the prevailing philosophy of the law that a Zoning Ordinance, being in derogation of the rights of private ownership, curtailing and limiting the use of property, must be strictly construed in behalf of the owner thereof and where exemptions appear in favor of the property owner they should be liberally construed in his favor. We believe that this philosophy of the law is more than *463 a pious 'formula, to be. sanctimoniously observed or repeated at the opening of an opinion and forgotten at the end. However, the very composition of the record militates against the application of this reasoning to this case.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.