121 So.2d 754 (1960)
Ludwick M. TRULY, Sr., et al., Plaintiffs-Appellants,
v.
S. E. NIELSEN, Defendant-Appellee.
No. 9220.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1960.
*755 Charles M. Peters, Shreveport, for appellants.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for appellee.
HARDY, Judge.
This suit was instituted by plaintiffs seeking injunctive relief against the defendant in his continuance of alleged violations of the zoning laws and regulations of the City of Shreveport and for the abandonment of the nuisance resulting therefrom. The case was tried on the rule for a preliminary injunction, and, by stipulation of counsel, submitted on the merits. From a judgment rejecting plaintiffs' demands they prosecute this appeal. Plaintiffs are residents and home owners of described properties located on Linden Street in the City of Shreveport, and defendant is the owner of property situated on the northeast corner of the intersection of Linden Street and Line Avenue. The properties of plaintiffs and defendant are located in a residental area in a section designated as and restricted to the use of one family residences under Ordinance No. 184 of 1957 of the City of Shreveport, adopted January 14, 1958, and hereinafter referred to as the Zoning Ordinance. Defendant lives in the building located as above described, but conducts, operates and maintains therein a beauty parlor and a school for beauty operators or cosmeticians. Plaintiffs' action is predicated upon the contention that defendant's operations constitute a violation of the Zoning Ordinance of the City of Shreveport, and further, that such operations constitute the maintenance of a nuisance. Plaintiffs *756 sought to enjoin the continuance of defendant's objectionable uses of his property.
Defendant first filed an exception of no cause or right of action, which included a plea of prescription. After argument the exception was referred to the merits and no issue is raised with respect to such action.
Defendant filed answer constituting generally a denial of the allegations of plaintiffs' petition, and further averring that his property had been in continuous commercial use for many years prior to the adoption of the Zoning Ordinance, and qualified for continuance of the conduct of operation of a beauty parlor and school under the nonconforming provisions of said ordinance.
On behalf of plaintiff it is urged that defendant's operations constitute a violation of the provisions of nonconforming uses contained in the Zoning Ordinance in the following particulars:
(1). Failure by defendant-owner to register the nonconforming use with the Office of Zoning Administration.
(2). Failure to file an annual statement in the form of a questionnaire containing details as to the continuance of nonconforming use; and
(3). Violation of the prohibition against extension and structural alterations of the building housing the nonconforming use.
The alleged violations as specified in (1) and (2) above may be readily disposed. Reference to the provisions of the Ordinance in question discloses the requirements that registration and the filing of an annual questionnaire are required by owners of the land and structures in which nonconforming uses are located only after notification to such owners by the Office of Zoning Administration. The record conclusively establishes the fact that no such demand has been made upon this defendant by said office, and there is no requirement under the terms of the Ordinance for such registration and filing until and unless notice has been given and demand made therefor.
Plaintiff's claim that defendant has violated the provisions of the Ordinance with reference to the extension of nonconforming use and structural alterations is also unsubstantiated by the record.
It is established that in or about the month of August, 1958, the defendant procured a building permit for repairs and alterations to the interior of the building to the extent of $300. About the same time defendant entered into a contract amounting to $2,200, providing for the brick veneering of the frame building and the erection of a redwood fence surrounding a parking lot on defendant's property.
The right to repair and maintain a structure devoted to a nonconforming use, as long as zoning regulations are not violated, is recognized and accepted:
"While ordinary repairs and maintenance, and minor alterations and additions are permitted in the case of a building operated as a nonconforming use, substantial or structural alterations and additions are usually not permitted except within such limitations as the zoning ordinances may prescribe." 101 C.J.S. verbo Zoning § 195, page 956. (Emphasis supplied.)
According to defendant's uncontroverted testimony, the interior repairs consisted of the changes of several door and window openings, and the installation of a portion of a wall in one room. No additional footage was added to the building, nor were there any changes of a substantial nature which might be considered as constituting "structural alterations." Nor do we think it can be successfully argued that the application of brick veneer or the building of a redwood fence about a parking area can be designated as "structural changes". The only effect would appear *757 to be the improvement in appearance of the property, which should not serve as ground for complaint by residents of the neighborhood.
We do not find from the record that there has been any change in the nature or character of the nonconforming use of the property which endured for several years prior to the adoption of the city's zoning ordinance. It is well established by the evidence that defendant's business has substantially increased. The number of patrons of the beauty parlor has grown to some 75 to 100 per day, and the enrollment of student trainees in the beauty school has increased. In our opinion the success and growth of a nonconforming commercial or business use does not constitute ground for prohibition of the continuance of such use. The general rule is well stated in 101 C.J.S. verbo Zoning § 193, page 955:
"The rule forbidding the extension or enlargement of a nonconforming use does not prevent an increase in the amount of use within the same area."
It should be emphasized that the application of any other principle would serve to penalize success and place a premium upon failure of the nonconforming venture itself.
Our careful examination of the record has failed to disclose any facts which would constitute violations of the provisions of the zoning ordinance, and for this reason we find it unnecessary to enter into a discussion of the numerous cases cited by counsel for both parties plaintiff and defendant in the instant case. The issues presented in the instant case are susceptible of determination upon the basis of the facts established as related to the provisions of the specific ordinance involved.
It follows that the judgment appealed from is correct, and, accordingly, it is affirmed at appellants' cost.