173 So.2d 832 (1965)
CITY OF CROWLEY, Louisiana, Plaintiff-Appellee,
v.
Barbara Ann PREJEAN et tutrix, Defendants-Appellants.
No. 1369.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1965.
Rehearing Denied April 14, 1965.
*833 Edwards & Edwards, by Edwin W. Edwards, Crowley, for defendants-appellants.
Joseph S. Gueno, Jr., Crowley, for plaintiff-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The City of Crowley sues to enjoin the defendants from operating a trailer park in alleged violation of a zoning ordinance. The defendants are a minor and her tutrix. The minor owns a tract within a residential area of the city. The defendants appeal from judgment enjoining them from using the tract "for the parking of more than one trailer or for any other commercial purpose or any purpose other than residential purposes."
The city contends that the rental of space on a residential tract for one house-trailer is not a use non-conforming with residential restrictions, although the rental for more than one trailer does constitute a non-residential use of the property. The importance of the distinction in this case is this: If the defendants' use of their property for one-trailer rental purposes was indeed a use conforming with residential zoning, then the landowner is clearly not entitled to change the use of the zoned property from one-trailer residential to multi-trailer commercial. On the other hand, if such one-trailer use was non-conforming, then the landowner may have acquired the right to increase the extent of said use within her non-conforming tractwhich is what the landowner-appellants contend on appeal.
The defendants' tract[1] is situated in a hensive zoning ordinance of the plaintiff district zoned residential by a comprecity. In 1951, Ogden Prejean, the defendants' predecessor in title, prepared this tract *834 for a four-trailer trailer park, installing plumbing and electrical connections for this purpose. Some neighbors objected to this as a violation of the prior zoning ordinance then in force. Then, according to the stipulated facts, "Prejean was advised [by the city council] that no action would be taken against him if he parked one trailer only, which advice was given at the request of Prejean and on advice of the city attorney that the parking of one trailer on a parcel of ground included in a residential zone did not constitute operation of a trailer park."
From 1951 until 1962 Prejean or (after his decease) the defendants continuously rented, to successive tenants, space for one house-trailer owned by the respective tenants. In 1962, the defendants commenced renting space for two trailers, and this suit immediately ensued to enjoin the operation of a trailer camp on residential property.
1. Was the use of a residential tract to rent space for one house-trailer a non-conforming use?
We agree with the trial court that the use of the defendants' tract under the circumstances above outlined was a nonconforming use of the land within an area zoned residential.
Insofar as a zoning regulation is concerned, it has been held in Louisiana that the renting of space for house-trailers on a tract designed to afford such facilities by appropriate plumbing and electrical connections, is considered a commercial rather than a residential use of property. City of New Orleans v. Louviere, La.App.Orl., 52 So.2d 751. In our opinion, even though only one trailer space is rented within the tract designed to rent space for several trailers, such limited use of the property is nonetheless as commercial as if two or more trailer-tenants were customers of the trailer park.
The comprehensive zoning ordinance regulation in effect at the present time is City Ordinance 769, adopted July 9, 1957.[2] Exhibit P-4. Under Section 7 of this zoning ordinance, it is provided "That, in the residential districts, only residence, outhouses and garages for the housing of vehicles of the occupants of the areas may be erected, upon obtaining the proper building permits from the municipal authorities; no other buildings of any character shall be erected therein and no part of the area may be used or occupied for any other purpose than residential purposes * * *."
It is argued that the furnishing of space for one trailer is no more a commercial use for zoning purposes than would be the construction and renting of a rent house. If this argument were valid, it would mean that the use of the space for several house-trailers would likewise no more be a violation of the residential zoning regulation than would be the construction of several tenant houses on the same area. We think the contention must be rejected as not within the clear intention of the zoning ordinance.
The renting of space for the house-trailer of a tenant does not, under the terms of the statute, constitute the erection of a residence, outhouse, or garage for the housing of the occupants' vehicles, such as constituted permissible residential uses of the area. See Section 7, quoted above. The renting of space for even a single house-trailer of a tenant constitutes a use or occupation of the land for other than residential purposes, as prohibited by the ordinance; it thus constitutes a non-conforming use of the residential property.
The zoning ordinance in question was adopted in 1957, at which time the nonconforming use of the land for one-trailer parking was in existence. Section 9 of the Act (besides containing inapplicable provisions for the continued non-conforming *835 use of a "building") pertinently provides "That the lawful use of land existing at the time of the passage of this ordinance may be continued, although such use does not conform to the provisions of this ordinance."
It may be argued that the initial 1957 non-conforming use of the defendants' tract for one-trailer renting was not "lawful" because it was equally non-conforming under the similar provisions of a prior zoning ordinance (see Footnote 2) repealed by the 1957 regulation. However, LSA-R.S. 9:5625 provides that civil or criminal actions for violations of zoning ordinances are prescribed after two years from the date the governing authorities knew of the violation.[3] Any right to enjoin or punish the violation of the former (or the present) ordinance has prescribed, since this openly non-conforming use of the defendants' tract continued without interruption by legal proceedings from 1951 to 1962, shortly before the present suit was filed.
The city-appellee's able counsel further argues that the ordinance should be interpreted in accordance with its administrative construction over the years to the effect that one-trailer rental did not constitute a non-residential use of the property. See Carrere v. Orleans Club, 214 La. 303, 37 So.2d 715.
While the long-continued administrative construction of an ambiguous statutory provision may be given great weight in the interpretation of the statute's meaning, Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111, the administrative construction is irrelevant and may not be applied when contrary to the unambiguous meaning of the statute. Gulf Shipside Storage Corp. v. Thames, 217 La. 128, 46 So.2d 62; Curet v. Hiern, La.App.Orl., 95 So.2d 699 (building code violation). In the present case, in our opinion the use of residential property to rent space even for one trailer is clearly a non-residential and therefore non-conforming use of the property within the terms of the statute, so that an inconsistent prior administrative construction is irrelevant for present purposes.
Insofar as the business of renting for one-trailer parking constituted a non-conforming use, therefore, such continued non-conforming use is specifically authorized by the statute Section 9 above. However, the permissible extent of such continued non-conforming usewhether limited to one-trailer parking as in the past, or permissible for more trailersremains a substantial issue to be decided.
2. Extent of continued non-conforming use permitted.
Generally speaking (although this is subject to the varying provisions of the specific zoning enactments), zoning regulations are violated by an enlargement or extension beyond the permissible non-conforming use established, or by increasing the area of non-conforming use. 101 C.J.S. Zoning §§ 191, 192, pp. 950, 953; 58 Am. Jur. "Zoning", Section 158 (1026). Thus, structural alterations of a non-conforming building so as to provide additional floor space (State ex rel. Hochfelder v. City of New Orleans, 171 La. 1053, 132 So. 786), or the erection of new buildings on vacant land with a non-conforming status (City of New Orleans v. Langenstein, La.App.Orl., 111 So.2d 363), have been enjoined as zoning violations, where the zoning enactments prohibited this enlargement of a non-conforming use.
On the other hand, most zoning ordinances either permit or else do not prohibit any increase in the amount or the intensity of the non-conforming uses. Section 9 of the present ordinance, for instance, provides that the non-conforming use of a building may be continued and that "Such use may be extended throughout the *836 building provided no structural alterations are made."
The present vacant tract of land was used, when the present zoning ordinance was adopted, for the business of renting space for a house-trailer. The applicable non-conforming use provision of the ordinance, quoted earlier, is simply that non-conforming "use of land * * * may be continued."
The trial court held that this provision permitted continued non-conforming use limited to the purpose of renting space for one house-trailer, in accordance with such limited extent of the non-conforming use from 1951 through 1962, which had established the non-conforming status of the defendants' tract. By their appeal, the defendants contend that they should not be limited in the extent of the non-conforming use within their tract of land of non-conforming status.
The general rule is that "* * * the rule forbidding the enlargement of extension of a nonconforming use does not prevent an increase in the amount of use within the same area, so that a nonconforming use may be not only continued but also increased in volume and intensity. A nonconforming use is not limited to the precise magnitude thereof which existed at the date of the ordinance * * *." 101 C.J.S. Zoning § 193 at p. 955. To the same effect is 8 McQuillin, The Law of Municipal Corporations, 3rd ed., 1957, Section 25.207, in which the statement is found, p. 520, "The prohibition of a zoning ordinance is directed to new uses; it imposes no restraint upon broadening the scope of an existing use."
The only Louisiana decision touching on the question is in accord with this general rule. Truly v. Nielsen, La.App. 2 Cir., 121 So.2d 754. There, the business conducted as a beauty parlor within a home (which thus acquired a non-conforming status in a residential zone) had greatly increased to 75 to 100 customers a day. The court refused to enjoin, as a zoning violation, the greater non-conforming use through the increased volume of the business of the beauty parlor, because, inter alia, it held that an increase of the amount of non-conforming use within the non-conforming-status property cannot be considered as a prohibited enlargement of the non-conforming use.
In our opinion, Louisiana jurisprudence generally indicates that Louisiana courts should apply this usual rule that a non-conforming use permissible under a zoning enactment is not limited to the extent of such prior use upon which the non-conforming status of the land is based. The owner of a non-conforming tract is thus ordinarily entitled to increase the amount and extent of such use within the non-conforming tract, unless the zoning regulation provides otherwise.
For instance, in Louisiana "* * * a zoning ordinance, being in derogation of the rights of private ownership and curtailing and limiting the use of property, must be strictly construed in favor of the property owner and where exemptions appear in favor of the property owner they should be liberally construed in his favor." Carrere v. Orleans Club, 214 La. 303, 37 So.2d 715, 720. See also Wright v. DeFatta, 244 La. 251, 152 So.2d 10, Audubon Area Zoning Ass'n v. Krushevski, La.App. Orl., 82 So.2d 460. Somewhat similarly, when initial non-conforming use has freed a tract of restrictive covenants in the title limiting the use of the property, it has been held that the future non-conforming use is not limited merely to the initial extent of non-conforming use. Salerno v. LeLucca, 211 La. 659, 30 So.2d 678; Chexnayder v. Rogers, La.App.Orl., 95 So.2d 381.
Although the matter is not free from doubt, we likewise believe that the renting of space for two or more trailers on the non-conforming tract, instead of for only one as formerly, does not amount to an unpermitted expansion of the area of the non-conforming use. According to the facts stipulated, the defendants' entire *837 tract was in 1951 prepared for use as a trailer park by installation of plumbing and wiring. The rental of space within this non-conforming tract for additional trailers amounted to an increase in the non-conforming use of the non-conforming tract rather than to an expansion of the non-conforming use to areas of the parent tract which had not previously acquired a non-conforming status.[4]
We could find no case directly in point. However, we think our conclusion is in accord with the results generally reached in other jurisdictions.
For example, under a zoning ordinance with non-conforming use provisions similar to the present, it was held that the permissible continued non-conforming use included conversion of a multi-family dwelling (which was therefore non-conforming in a residential district) into a four-family dwelling instead of its earlier three-family status, since such amounted only to an increase of the lawfully established non-conforming use and did not alter the use's character. In re 501 Paxinosa Avenue, 367 Pa. 340, 80 A.2d 789 (1951). Likewise, where a commercial garage had acquired a nonconforming status in a residential area, which initially included the infrequent parking or storing of cars on an open area in front of his garage, the non-conforming status was held to permit an unlimited use of this open space for parking, storing, and displaying a much greater number of vehicles, as being merely an increase in the volume of non-conforming use rather than an expansion of its character. Nyburg v. Solmson, 205 Md. 150, 106 A.2d 483, 46 A.L.R.2d 1051 (1954).
Decisions from other jurisdictions relied upon by the city-appellee are persuasive but distinguishable:
Since the entire tract of the present defendants was prepared for use as a trailer park, this is not a situation where the landowner-defendants are attempting to expand the area of non-conforming use through expansion into an area of the parent tract which clearly had not been within the territorial extent of the non-conforming use. Patchac v. Township of Lansing, 361 Mich. 489, 105 N.W.2d 406 (1960). Nor is the present a situation where the owner, entitled to a non-conforming status of an earlier-acquired tract, is attempting to extend the non-conforming use to new property. Town of Yorkville v. Fonk, 3 Wis.2d 371, 88 N.W.2d 319 (1958). Likewise, we do not have a situation where the zoning ordinance specifically provided that "No non-conforming use shall be extended at the expense of a conforming use", such as in Beerwort v. Zoning Board of Appeals, 144 Conn. 731, 137 A.2d 756 (1958) prevented the owner from converting the merely seasonal non-conforming use of a trailer park into a year-round use.
Conclusion.
We therefore find that the landowner-defendant's non-conforming status of their land entitles them to operate a trailer court not limited to a single trailer, and that they are permitted to increase the extent of such non-conforming use within their non-conforming tract to rent space within same for two or more trailers. Accordingly, we must dismiss the present suit by the plaintiff city to enjoin such increase in the non-conforming use as a violation of the city's zoning ordinance.
For the foregoing reasons, the judgment of the trial court is reversed, and the plaintiff's suit is dismissed.
Reversed and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.
*838 CULPEPPER, J., dissents with written reasons.
HOOD, J., dissents for the reasons assigned by CULPEPPER, J.
CULPEPPER, Judge (dissenting from the refusal to grant a rehearing).
I agree that the rental of space for one house-trailer in this residential zone is a non-conforming use and that this use is permissible as one being made of the property when the zoning ordinance was adopted in 1951. The ordinance provides that non-conforming "use of land . . . may be continued."
However, I think the rental of space for two or more house trailers clearly constitutes an extension of the permissible nonconforming use. The majority opinion admits the general rule to be that, in the absence of provisions to the contrary, zoning regulations are violated by increasing the area of non-conforming use. However, the majority seeks to evade this general rule by saying that here it is not the area which is increased, but rather the volume of business. The majority cites Truly v. Neilsen, La.App., 121 So.2d 754 (2d Cir. 1960) where a nonconforming beauty parlor business in a residential building greatly increased the number of its customers per day. But the court there expressly noted there had been no additions to the size of the building.
In my view, this is not only a clear-cut violation of the zoning ordinance, but it is grossly unfair to the other people owning residences in this zone. One house-trailer parked on a residential lot may not be too objectionable, but the operation of a large trailer park would be highly objectionable. Defendant now rents space for only two house-trailers, but she already has accommodations for four, and what is to stop her from renting space for many more. This would undoubtedly result in great loss of value to the residences in the area and, also, unquestionably interfere with the peace and quiet of this residential neighborhood.
For the reasons assigned, I respectfully dissent.
NOTES
[1] Lots Ten and Eleven, Block Seven, Duson's Fifth Addition to the City of Crowley.
[2] This replaced an earlier ordinance which had similar provisions so far as the subject property: Ordinance 518 adopted February 24, 1925 (P-2), as amended by Ordinance 720 adopted June 12, 1951 (P-3).
[3] Or within one year from August 1, 1956, the effective date of the statute for violations existing for a period of two years or more prior to such date.
[4] See also, 58 Am.Jur. "Zoning", Section 151 at p. 1023: "An entire tract is generally regarded as within the exemption of an existing non-conforming use, although the entire tract is not so used at the time of the passage or effective date of the zoning law."