AMERICAN BAKERY & PASTRY, INC. v CITY OF WARREN

1. ZONING—ORDINANCES—CONSTITUTIONALITY—PRESUMPTIONS.

Zoning ordinances are presumed to be constitutional, and that presumption is overcome only by a clear showing that their application is arbitrary and unreasonable, bearing no substantial relationship to the public health, safety, morals or general welfare.

2. ZONING—CONFISCATORY ZONING—CONSISTENT USE—MARKETABILITY.

Zoning of a parcel of land to permit construction of an office structure, where the owner sought light commercial zoning in order to construct and operate a bakery, was not confiscatory where the owner could feasibly develop the property for a use consistent with the zoning or find a reasonable ready market for it.

3. ZONING—HIGHEST USE—BEST USE—CONSISTENT USE.

Land need not be zoned for the highest and best use of the land provided it can feasibly be used as presently zoned.

4. ZONING—REASONABLENESS—DIFFERENCE OF OPINION.

The test of a zoning ordinance is reasonableness, and a showing of no more than a fair difference of opinion between a landowner and the zoning authorities does not demonstrate that existing zoning is unreasonable.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 June 27, 1974, at Detroit. (Docket No. 17652.) Decided August 27, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning §§ 16, 21.
[2] 58 Am Jur, Zoning § 140.
[3] 58 Am Jur, Zoning § 178 *et seq.*
[4] 58 Am Jur, Zoning §§ 21, 22.

Zoning: creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded. 117 ALR 1117.

Complaint by American Bakery & Pastry, Inc., against the City of Warren to declare a zoning ordinance void. Judgment for plaintiff. Defendant appeals. Reversed.

*McAlpine & Cardamone,* for plaintiff.

*John J. Murray,* Chief Assistant City Attorney, for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

BASHARA, P. J. Appellant, City of Warren, appeals from a decision of the Macomb Circuit Court which invalidated a zoning ordinance classifying plaintiff's property for office use.

Plaintiff purchased a parcel of real estate located 200 feet north of the intersection of 12 Mile and Ryan Road in the City of Warren. The Ryan Road frontage is 196 feet, with a depth of 332 feet. At the time of plaintiff's purchase in March 1969, the property was zoned single family residential. The property at the northeast corner of 12 Mile and Ryan Road is zoned for light commercial use. The parcel directly north of plaintiff's property is zoned single residential.

Plaintiff originally filed a petition before the defendant city to have the property rezoned as light commercial. The defendant city's legal department opined that in view of plans to build a wholesale and retail bakery with a relatively large storage area, the property would have to be rezoned for light manufacturing, to accomodate plaintiff's intentions. The city planning commission voted to deny rezoning to a light manufacturing classification. At the city council hearing,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff modified the petition from light manufacturing to light commercial. The city council also denied the amended petition.

Plaintiff initiated the present legal action. The city council then directed the city planning commission to conduct a public hearing to determine whether the single family residential zoning should be changed. After the public hearing, and over plaintiff's objections, the city planning commission recommended that the property be zoned for office use. The city council, following another public hearing, zoned the property for office use.

At trial, plaintiff presented testimony that there were vacant office buildings within the City of Warren and that rental prices had dropped from $8 to $6 per square foot. Plaintiff's witnesses also testified the land zoned office would be worth $1 to $1.25 per square foot, whereas if zoned light commercial it would be worth $1.50 per square foot. Testimony also showed that residential home sites abut to the rear of the property.

The trial court found that the zoning of the property as office rather than light commercial was arbitrary, confiscatory, discriminatory, and therefore void.

Plaintiff argues that because there is a glut of unused office space, and because the property is more valuable as zoned for light commercial activity, the zoning at bar is unconstitutional and the trial court should be affirmed. Defendant contends that the property can be used or sold as presently zoned. Further, that zoning need not present the highest and best use to be constitutional.

We must agree with defendant's contention in light of a recent holding of our Supreme Court. *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), indicated that zoning ordinances are

presumed to be constitutional, and that the presumption is overcome only by a clear showing that their application is arbitrary and unreasonable in that they bear no substantial relationship to the public health, safety, morals or general welfare.

Plaintiff's short brief provides few citations to the issue of whether the zoning was arbitrary or unreasonable. Research of the many zoning cases which have paraded before this Court and the Supreme Court show that several zoning ordinances have been struck down as unconstitutional. Two factors intertwine throughout those cases. First, existing land use patterns rendered the property in question unsuitable for uses consistent with the allocated zoning. Second, there was no market for such permitted uses. Neither factor is present in the instant case.

Testimony established that an office structure could be constructed on the tract, which would be consistent with the commercial environment of the 12 Mile and Ryan Road area. Plaintiff's expert testified that the property as presently zoned was worth $1 to $1.25 per square foot. A realtor testifying for defendant city stated that its value as zoned was $1.30 per square foot. Both agreed that it could be sold for a fair value as presently zoned.

These facts demonstrate that the office zoning in the case at bar is not confiscatory. The plaintiff could develop his property for a consistent use or find a reasonable ready market for it. The argument reduces itself to claiming that office zoning is not the highest and best use of the land. But land need not be so zoned provided that it can be feasibly used as presently zoned. *Patchak v Lansing Twp,* 361 Mich 489; 105 NW2d 406 (1960); *Drummer Development Corp v Avon Twp,* 51 Mich App 21; 214 NW2d 60 (1973).

Chief Justice T. M. KAVANAGH, speaking for the majority in *Kropf, supra,* pp 160–161, addressed this proposition as follows:

"To these proofs plaintiffs' main, if not sole response, was that the instant land was more valuable when used for multiple residences and that this would constitute the 'highest use' of said property. While such arguments may be relevant in a Fifth Amendment attack on the ordinance, they do not rebut the showing of reasonableness on the part of the city, nor do they meet the burden plaintiffs have in showing that exclusion of other uses from this property was arbitrary and capricious. This Court and the Supreme Court in *Euclid, supra,*[1] has set forth several rational reasons a city may have in excluding other uses from a particular piece of property. It is presumed that the city acted for such reasons, or for any other valid reasons, in enacting a particular ordinance. To show arbitrariness and capriciousness on the part of the city, plaintiffs must show that it did not so act, or that no such grounds reasonably exist with respect to the instant parcel."

The plaintiff admits to buying this property without first checking to see if it was zoned to permit its intended construction and operation of a bakery. Plaintiff thus stands in the same shoes as the speculator whose development plans are thwarted by recalcitrant zoning authorities. As this court said in *Drummer Development Corp, supra,* p 24:

"The plaintiffs took a chance and must now bear the consequences of their unsuccessful gamble."

The test is reasonableness. When the plaintiff can show no more than a fair difference of opinion between himself and zoning authorities, he has not

---

[1] *Village of Euclid v Ambler Realty Co,* 272 US 365; 47 S Ct 114; 71 L Ed 303; 54 ALR 1016 (1926).

demonstrated that existing zoning is unreasonable. To further quote from *Kropf, supra:*

"In looking at this 'reasonableness' requirement for a zoning ordinance, this Court will bear in mind that a challenge on due process grounds contains a two-fold argument; first, that there is no reasonable governmental interest being advanced by the present zoning classification itself, here a single family residential classification, or secondly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question." 391 Mich 158; 215 NW2d 186 (1974).

We find the ordinance in question bears a present relationship to the health, safety and general welfare and is therefore valid. Consequently we uphold the action of defendant city in its zoning of the subject property.

Reversed, no costs, a public question being involved.

All concurred.