## 184

**Thomas GANNON et al., Appellants,**

v.

**Arthur PEARL, Appellee.**

Court of Appeals of Kentucky.

March 7, 1958.

Allen P. Cubbage, Delma L. Mauzey, Leitchfield, for appellants.

R. H. Cannon, Chester O. Carrier, Leitchfield, for appellee.

PER CURIAM.

Motion for an appeal from a judgment of the Grayson Circuit Court fixing a boundary line.

The appellants submit the appellee, as plaintiff, failed to prove that the land in controversy was embraced in his deed because the evidence upon which the court rendered judgment was improperly received. The incompetency is rested upon the following provision of KRS 73.120:

"No survey or resurvey of real estate made by any person, except the county surveyor or his deputy, shall be considered as legal evidence in any court, unless such survey is made by mutual consent in writing, signed by the parties, and recorded in the county surveyor's office, or made by order of court."

The appellants objected to the consideration of the testimony of the witness who made the survey since he was not the county surveyor or his deputy and the survey had not been made by mutual consent of the parties. The court construed the statutory provision as referring to a "survey" as a public record and overruled the objection and motion that the evidence be not considered.

The quoted provision is preceded by the following sentence:

"The county surveyor shall keep a record of plats, and explanatory notes of all surveys made by him or his deputies, and copies of the record, certified to by the county surveyor, shall be legal evidence in any court."

The particular provision relied upon came into the statute by an Act of 1904 which revised the statutes relating to county surveyors. Ch. 108, Acts of 1904. The county surveyor is required by law to keep such records as the property of the county. KRS 73.110.

The apparent purpose of the provision of KRS 73.120 upon which the appellants rely, is to make it clear that only official surveys (charts, maps, etc.), or copies thereof, may be admitted in evidence merely upon authentication as a public record, presumptively regular and accurate, and that unofficial surveys, unless made by order of court, require preliminary proof of accuracy by the surveyor or engineer who made the proffered documents. The ruling of admissibility in the present case is correct.

In other respects, the judgment is sustained by the evidence.

The motion for an appeal is overruled and the judgment stands affirmed.