PER CURIAM.
The petitioner here seeks review by cer-tiorari of a final order of the Florida Real Estate Commission suspending his license as a real estate broker for ninety days.
In an information filed against the petitioner by the Florida Real Estate Commission, he was charged with having violated certain provisions of Chapter 475, Fla.Stat., F.S.A., in that he had been guilty of concealment, breach of trust, dishonest dealing, misrepresentation and false pretense. These charges grew out of the fact that petitioner had allegedly obtained the signature of the owner of a certain piece of real property to a 99-year lease on the representation that he had an out-of-town les--see who would take the lease. Later, petitioner caused the lease to be taken in the: name of his son, a practicing attorney, as trustee, who later, on advice and direction of the petitioner, assigned the lease to third parties. In the process of taking the lease from the owner, the petitioner allegedly obtained a $1,000 reduction in the first year’s lease rental as his broker’s commission for negotiating the lease, and an additional sum over and above the agreed yearly rental by the subsequent assignment to third parties. It was futher charged that the petitioner had paid to the property owner’s wife the sum of $250 to assist him in obtaining the owner’s signature to the 99-year lease.
Pursuant to the provisions of § 475.27, Fla.Stat., F.S.A., an examiner was appointed to take the testimony upon the issues made by the information and the petitioner’s answer thereto. The testimony was taken, transcribed and returned to the Commission as required by law. A hearing was had before the Commission, briefs submitted, and thereafter, the final order suspending the petitioner’s license was entered by the respondent Commission.
Section 475.35, Fla.Stat., F.S.A., sub-section 3, provides that the final orders, rulings and proceedings of the Commission shall be presumed valid unless reversible error or invalidity prejudicial to the petitioner shall be affirmatively shown to exist. In addition, it provides that certiorari shall not be granted for any cause except want of jurisdiction or substantial denial of a constitutional or statutory right unless such cause was, by appropriate motion or objection in the record, made known to the Commission before the entry of the final order and the Commission failed or refused to correct such cause; and any such cause, error, omission or defect not made known to the Commission by appropriate motion or *266 objection in the record shall be deemed waived. The findings of fact, orders and rulings of the Commission, as well as the administrative interpretations, are required to be given great weight in order to carryout the purposes and objectives of the law regulating real estate brokers.
In line with the statutory limitations circumscribing the jurisdiction of this court in the consideration of a petition for writ of certiorari to a final order of the Florida Real Estate Commission, this court has considered the questions posed by the petitioner and finds them to be without merit.
Two of the three questions posed by the petitioner presuppose the existence of a favorable conclusion from the facts adduced at the hearing on the information and answer. If we should indulge such presumption, it would be against the statutory command that the final orders, rulings, and proceedings of the Commission are to be presumed valid. However, assuming, arguendo, that the first two questions posed by the petitioner’s brief raise debatable questions of fact, we would still be prone to answer those two questions in the negative, because our perusal of the testimony discloses that the proof of the charges in the information and as encompassed in the findings of the Commission’s final order are substantiated by competent evidence. The petitioner argues that his innocence is so apparent and the owner’s knowledge of the broker’s action is so conclusive as to warrant a quashal of the order of the Commission. This, in our opinion, is just another way of saying that the order of revocation is not supported by competent evidence. We decline to burden this opinion with a recitation of the facts upon which the Commission based its ruling, but we have concluded from a reading of the record that there was sufficient testimony and evidence to support the conclusions reached.
In a third question, the petitioner complains that he was denied due process occasioned by an examiner being appointed to hear and report the evidence as required by § 475.27, supra. Encompassed within this argument is the contention that the examiner failed to prepare and submit a report of findings of fact and conclusions of law to the Commission, and the Commission’s entry of an order of suspension without having heard the testimony or having had the benefit of the examiner’s report constituted a denial of due process; that the statutes’ failure to clearly require the same of the examiner or the Commission renders the statute unconstitutional. The statute (475.27, supra) requires the examiner to receive the evidence and objection thereto, transcribe the evidence and report the testimony to the Commission. This was done. The petitioner has failed to point out, and nothing is apparent from this record, wherein the requirement for which he contends resulted in harm or prejudice. The fact that the respondent Commission reached a conclusion adverse to petitioner’s interest is not proof of harm or prejudice. The petitioner does not contend that he was denied an opportunity to be heard, notice, the right to cross examine, to present testimony and evidence, or that the proceedings were conducted in an atmosphere prejudicial to a fair trial of the issues. See State ex rel. Munch v. Davis, 143 Fla. 236, 196 So. 491. We fail to find in the record any objections by petitioner to the proceedings at any stage, and only until petition for certiorari had been lodged in this court has the question of constitutional due process been raised. We have carefully reviewed the record and considered the statutory requirements imposed upon the Commission as well as the examiner and fail to find wherein the petitioner has been denied any constitutional or statutory right. Administrative bodies as such are not exempt from the constitutional requirement that procedural due process be accorded those persons appearing before them. On the other hand, they are not required to accord to such persons any higher degree of procedural due process than would be accorded a litigant in a court of law.
Concluding as we have that the record contains competent evidence to support the *267 findings of the Commission, and that no reversible error or invalidity prejudicial to the petitioner has been shown, it follows that the petition for writ of certiorari should be and the same is hereby denied.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.