**Joseph C. HOFGESANG, Appellant,**

**v.**

**Hoffman KASEY et al., d/b/a Kestler Sand & Gravel Company, Appellees.**

Court of Appeals of Kentucky.

June 12, 1964.

As Modified on Denial of Rehearing Oct. 30, 1964.

Ewing L. Hardy, Sr., Ben B. Hardy, Hardy, & Hardy, Henry A. Triplett, Boone & Triplett, Louisville, for appellant.

Marshall P. Eldred, W. G. Hume, Brown & Eldred, Louisville, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment permanently enjoining appellant from obstructing the entranceway onto appellees' property and directing him to remove a barricade he had erected thereon.

By a deed recorded in 1893, the tract of land now owned by appellant was made subject to a 25-foot easement for a road-

way. Since 1907, when a roadway was laid out and graded, it has provided the land now owned by appellees with its only outlet to a county road.

■ Appellant maintains that the appellees' predecessors in title had abandoned their easement by using Putnam Street which was allegedly constructed parallel to it on adjacent land in 1926. The Chancellor found, in effect, that the portion of appellees' entranceway barricaded by appellant lies within the easement granted in the 1893 deed and has been used continuously since 1907. Two witnesses, whose family had owned this land from 1906 until appellees purchased it in 1960, testified that the area in dispute had been used as an entranceway since 1907. This testimony, along with the 1893 deed and a land survey introduced by the appellees, adequately support the Chancellor's finding. It is, therefore, unnecessary to consider the arguments of appellant which are based upon the assumption that this finding is erroneous.

■ It is contended that the failure to make appellant's wife, who owns an interest in his land, and the Greater City Realty Corporation, which owns the adjacent property, parties to the action constitutes reversible error. Since this was an action solely to enjoin appellant from maintaining a barricade on appellees' entranceway, these persons were not indispensable parties to this proceeding.

■ Finally appellant insists the trial court erred in considering a survey of the property in question. The contention is based upon the assumption that KRS 73.120 prohibits the introduction of an unofficial survey. However, in Gannon v. Pearl, Ky., 311 S.W.2d 184, we held that this statute merely eliminates the necessity of authenticating official surveys prior to being introduced in evidence.

The judgment is affirmed.

PALMORE, J., not sitting.