188 So.2d 681 (1966)
S. Fordham BIXLER, Dorothy Alexander, David Serafin and W. Richards, Appellants,
v.
Floyd H. PIERSON, Appellee.
No. 219.
District Court of Appeal of Florida. Fourth District.
July 19, 1966.
William H. Robbinson and Robert Dyer, of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, for appellants.
Edward R. Kirkland, of Kirkland, Johnson, Smith & Ervin, Orlando, for appellee.
WALDEN, Judge.
This is an appeal from a final decree which denied a petition for mandatory injunction. The petition was aimed at defendant-appellee, Floyd H. Pierson. Its purpose was to obtain the removal of a trailer which had been emplaced by Pierson upon certain property owned by him and his wife.
Prior to enactment of zoning regulations Pierson maintained an old house trailer upon the premises. Zoning was imposed which prohibited the use or presence of trailers. Pierson's trailer was permitted to remain under the non-conforming use provision found in the zoning ordinance. Pertinent parts of the ordinance provide as follows:
"SECTION 14. NON-CONFORMING USES
The lawful use of any building, structure or land existing at the time of the *682 adoption of this resolution may be continued altho such use does not conform with the provisions of this resolution, provided the following conditions are met.
1. Unsafe structures or Buildings. Any structure or building or portion thereof declared unsafe may be restored to a safe condition.
2. Construction Approved Prior to Resolution. Nothing herein shall require any change in plans, construction or designated use of a building or structure for which a building permit has been issued and the construction of which shall have been diligently carried on within six months of the date of such permit.
3. Alteration. A non-conforming building may be maintained and repairs and alterations may be made, except that in a building which is non-conforming as to use regulations, no structural alterations shall be made except those required by law. Repairs as plumbing or the changing of partitions or other interior alterations are permitted.
4. Extension. Buildings or structures or uses of land which are non-conforming shall not be extended or enlarged.
5. Non-Conforming Use of Land. When a non-conforming use of land has been discontinued its future use shall revert to the uses permitted in the district in which said land is located.
6. Change to Another Use. A non-conforming use now existing may be changed to another non-conforming use of equal or improved character when approved by the Zoning Commission, or the Zoning Director without public hearing.
7. Restoration. A non-conforming building or structure which is hereafter damaged or destroyed to the extent of seventy-five (75) per cent or more of its assessed value, by flood, fire, explosion, earthquake, war, riot or act of God may not be reconstructed or restored for use except in compliance with the regulations of this resolution.
8. Abandonment. A non-conforming use of land or of a building which has been vacated or abandoned for one hundred and eighty (180) days shall not thereafter be occupied by any non-conforming use."
Thereafter, the act about which complaint is made took place  Pierson replaced his old trailer with a new and larger trailer. This was accomplished with the permission of the zoning director. The consent was based upon his interpretation of subsection 6 of section 14, supra, which provided that an existent non-conforming use may be changed to another use of equal or improved character.
We think that the zoning director completely misinterpreted the effect of subsection 6. That subsection is not involved in the problem here. It should be noted and emphasized that this subsection deals only with a change from one use to another use. In this instance there was no change in use. The old trailer and the new trailer were used in exactly the same manner and for the same purpose, that is, a dwelling. The zoning regulations define a structure and a trailer. A trailer placed on land for use as a dwelling is a structure. The removal of the old trailer and the placing of the new trailer on the land constituted an alteration, extension and enlargement of a non-conforming structure which was prohibited by subsections 3 and 4. The substitution permitted perpetuation of the non-conforming structure contrary to the clear intent of the zoning regulations construed *683 as a whole.[1] The regulations look forward to the eventual elimination of all non-conforming structures and uses by attrition, abandonment and acts of God as speedily as is consistent with proper safeguards for the rights of those persons affected.[2]
Pierson makes a post-trial point out of the fact that his wife, the property being owned as a tenancy by the entireties, was not made a party to this proceeding. It appears that Pierson was the only actor in exchanging the trailers and that the new trailer is owned by persons other than Mr. and Mrs. Pierson. While Mrs. Pierson could be considered a proper party we do not think she was an indispensable party.[3] Under the circumstances it is our judgment that the trial court had before it sufficient parties to award the relief sought. More specifically, we think that Pierson could be caused to undo that which he alone had done.
The decree appealed is reversed with instructions to grant the relief prayed. However, because the exchange was approved by the zoning director, our further instructions are to permit Pierson, if he wishes and acts within a reasonable time, to return the old trailer unit to the property so as to restore the original status of affairs.
Reversed.
SMITH, C.J., and AQUILINO LOPEZ, Jr., Associate Judge, concur.
NOTES
[1] The reason for such interpretation was pointed out in Goodrich v. Selligman, 1944, 298 Ky. 863, 183 S.W.2d 625, where the court stated at 627-628:

"Here a new structure was substituted for an old one. If it is proper to do this once it will be proper to do it again and thus the life of the non-conforming structure will be indefinitely prolonged, and the whole purpose of the zoning ordinance will be defeated."
State ex rel. Miller v. Cain, 1952, 40 Wash.2d 216, 242 P.2d 505 states at 507:
"The holdings are practically unanimous that a nonconforming building devoted to a nonconforming use cannot be replaced with a new and larger nonconforming building even though it would be devoted to the same use." [citations omitted]
See also 87 A.L.R.2d 4, 110.
[2] See Hanna v. Board of Adjustment, 1962, 408 Pa. 306, 183 A.2d 539, 544; 101 C.J.S. Zoning §§ 181-182.
[3] Benger Lab. Ltd. v. R.L. Laros Co., E.D.Pa. 1959, 24 F.R.D. 450; see also Hofgesang v. Kasey, Ky. 1964, 382 S.W.2d 571.