CAROLINE S. WATTS, KENNETH L. BREWER AND EVA T. BREWER, Plaintiffs and Respondents, *v.* CITY OF HELENA, A MUNICIPAL CORPORATION, AND FRED A. SIELBACH, JR., City Engineer of the City of Helena, Defendants and Appellants.

No. 11397.
Decided April 18, 1968.
439 P.2d 767

C. W. Leaphart, Jr., Helena, William Mufich (argued), Helena, for appellants.

Chadwick H. Smith (argued), Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion for the Court.

This is an appeal by the defendants City of Helena and its City Engineer, hereafter referred to as the City, from an adverse judgment in a declaratory judgment action. The action was brought to declare that plaintiffs Watts and Brewers had the right to use as a trailer court lots 1-10 and 23-32 of Block 107 of the Cannon and Ming Additions to the City of Helena and further, to direct the City to issue building permits to the plaintiffs for the improvement of said lots.

Plaintiffs are the owners of interests in Block 107 and lots 5-11 and 17-32 of Block 106 of the Cannon and Ming Additions to the City of Helena. On this property is located a business known as the Beacon Cabin and Trailer Court. This business was established prior to August 2, 1948. On August 2, 1948 the City of Helena passed a zoning ordinance zoning the above property as a Class A Residential District. The Beacon Cabin and Trailer Court was a nonconforming use of the property which was allowed to continue under the ordi-

nance. The section of the zoning ordinance which dealt with nonconforming uses reads as follows:

"The lawful use of a building or premises existing at the time of adoption of this Title may be continued, although such use does not conform with the provisions hereof, *and such use may be extended throughout the* building or the *premises lawfully acquired previous to the passage of this Title * * *."* Emphasis supplied.

In about 1956 a predecessor in interest of plaintiffs commenced installation of a sewer line in the alley in Block 107 and was stopped by the city manager. The matter came before the city commission which apparently gave the owner the go-ahead and the sewer line was completed across Block 107. It was a dead end sewer so it could only serve Block 107.

In 1962 plaintiff Watts, who was then in possession, was notified by the City of Helena to discontinue using the western portion of Block 107 for parking trailers. An application for a variance was filed and it was denied by the City Board of Adjustment. This decision was not appealed.

In January of 1967 plaintiffs Brewers applied to the City of Helena for a construction permit to improve lots 1-10 and 23-32 of Block 107 for use as a trailer court and parking area. This application was refused and the plaintiffs brought this action.

The City contends that the plaintiffs can use lots 11-22 of Block 107 but not the remaining western portion of that Block. That portion was allegedly not used as a trailer court prior to the passing of the zoning ordinance and thus, it is asserted, should not be within the purview of the section on nonconforming uses. The District Court, sitting without a jury, found the lots had been used as a trailer court prior to the passing of the zoning ordinance and granted respondent the relief requested.

On this appeal the City challenges the finding that the lots had been used as a trailer court prior to the passing of the

ordinance. We do not need to consider that aspect of the case. This case can be decided by an affirmative answer to the following question. Can the nonconforming use be expanded after the passage of the Helena zoning ordinance?

The City cites many cases where extension of the nonconforming use was not allowed. However, the zoning ordinances in all the cases cited specifically prohibited or limited expansion of the nonconforming use. "As a general rule, the area of a nonconforming use may not be enlarged or extended, except as such enlargement or extension is permitted by the zoning ordinances." 101 C.J.S. Zoning § 192, p. 953.

The Helena zoning ordinance permits extension of the use "throughout the * * * premises lawfully acquired previous to the passage of this Title * * *." There are three standards contained in that phrase which must be met to have a valid extension of the nonconforming use; first, the same premises, which, second, were lawfully acquired, and third, acquired prior to the passage of the zoning ordinance. The predecessors in interest of this property owned all the property here involved on the date of passage of the ordinance. There is no ordinance preventing the right to use the property in nonconforming manner from passing to subsequent owners. "The right to continue a nonconforming use is not limited to the person who owned the property at the time the zoning ordinance or regulation was adopted and such right passes to subsequent purchasers of the property." 101 C.J.S. Zoning § 183, p. 940. Consequently the plaintiffs meet the qualifications of lawfully acquired premises which were acquired prior to passage of the ordinance.

The City asserts that it is the first standard which is not met. It is contended the meaning of the word "premises" is restricted to lots. Thus, if a particular lot was not used for a trailer court prior to passage of the ordinance it was not part of the "premises". The ordinance does not mention

lots and we do not take such a restricted view of the meaning of "premises."

We find "premises" means property that is a unit.

For the time in question here the lots have had common ownership. They were used after the passage of the ordinance for parking trailers. They have not been held or used for any other purpose. They are contiguous to the lots on which the nonconforming use is undisputed. We find the lots here have such a relationship to the other lots owned by respondent that they constitute a unit as exemplified by our previous discussion of the facts relating to the sewer. The property of respondent meets the qualifications of the same "premises" and thus the use may be extended to the lots even if they were not so used prior to August 2, 1948.

Finally the City asserts that the failure of plaintiffs to appeal from the 1962 ruling of the Board of Adjustment constitutes a waiver of their right to use the property as a trailer court.

The zoning ordinance allowed plaintiffs to continue to use the property as it had been used prior to the ordinance. The ordinance did not provide for the eventual extinguishment of the nonconforming use. Nor did it provide a procedure whereby the City of Helena could take action to reduce this right. No permission was required for plaintiffs to continue the use. Thus, it follows that if permission was asked to continue the use and it was denied, this would not affect the right to so use the property for it was not necessary to the continuation of the right. "No vested right is affected by either the denial * * * or the grant * * * of a zoning variance." Flagstad v. City of San Mateo, 156 Cal. App.2d 138, 318 P.2d 825 (1957).

For the foregoing reasons the judgment is affirmed.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.