SHARON KENSMOE, Plaintiff and Respondent, v. THE
CITY OF MISSOULA, Montana, a Municipal Corporation,
Defendant and Appellant

No. 11830.
Submitted Jan. 12, 1971.
Decided Feb. 10, 1971.
480 P.2d 835.

Fred C. Root, Missoula, for defendant and appellant.

Fremont W. Wilson, Missoula, for plaintiff and respondent.

MR. JUSTICE HASWELL delivered the opinion of the court.

Appeal by the City of Missoula from a judgment in favor of plaintiff granting her a vested right of nonconforming continuous use for a trailer home on her property under the existing city zoning ordinance.

The single issue upon appeal is whether a residence trailer home maintained upon premises as a nonconforming use can be replaced by a new residential trailer, under existing zoning ordinances of the City of Missoula.

The case was submitted to the district court for decision on an agreed statement of facts constituting the entire factual basis of the case. These sketchy facts indicate in 1941 plaintiff and her predecessors in interest placed a trailer house on property consisting of three abutting lots in the Daly Addition to the City of Missoula. Thereafter, in the same year the City of Missoula enacted section 32-10 of the Missoula City Code, a zoning ordinance relating to nonconforming uses. Plaintiff and her predecessors in interest continued to use the trailer as a dwelling until April 1965, when the trailer became untenantable and another trailer was placed on the premises as a replacement.

Plaintiff lived in the trailer from the time it was placed on the premises and lived in the replacement trailer thereofter. All trailers on the premises have been used as a single dwelling for plaintiff and members of her family since 1941. Not more than one trailer house was ever used as a dwelling on said premises and plaintiff does not claim the right to use more than one trailer on the premises.

Plaintiff claims a vested right continuously to maintain the

newer replacement trailer as a trailer home on her property under the nonconforming use provisions contained in section 32-10 of the Missoula City Code. The district court upheld plaintiff's contention by its order dated November 4, 1969; by denial of the city's motion to vacate the same on December 15; and by its judgment dated and filed December 18, 1969.

The judgment provided (1) that on the basis of the statement of facts furnished the court there was no genuine issue of material fact and the case falls within the purview of Watts v. City of Helena, 151 Mont. 138, 439 P.2d 767; (2) that plaintiff has "a vested right of nonconforming continuous use under the Missoula City Code Section 32-10(a) and (b) for a trailer home" upon the described premises; (3) that costs were awarded plaintiff; and (4) that the judgment was "delimited exclusively to the case at hand and on the record therein" and not to be taken as precedent in any future case.

The City of Missoula now appeals from this judgment and the district court's orders dated November 4 and December 15, 1969, heretofore mentioned.

As previously stated, the sole issue upon appeal is whether plaintiff is entitled to maintain the newer replacement residence trailer now located upon the premises as a continuous nonconforming use under the provisions of section 32-10, Missoula City Code.

That section provides in pertinent part as follows:

"(a)  The lawful use of land, existing at the time of the adoption of this chapter, although such use does not conform to the provisions hereof, may be continued, but, if such nonconforming use is discontinued for a period of two years, any future use of such premises shall be in conformity with .the provisions of this chapter.

"(b)  The lawful use of a building existing at the time of the adoption of this chapter may be continued although such use does not conform with the provisions hereof, and such use may be extended throughout the building; provided, that no structural alterations, except those required by this Code or

other ordinances of the city, are made therein. If no structural alterations are made, a nonconforming use of a building may be changed to another nonconforming use of the same or a higher classification.

"If a nonconforming use of a building is discontinued for a period of two years, any future use of such structure shall be in conformity with the provisions of this chapter.

"* * *

"(d) This chapter shall not apply to existing structures, nor to the existing use of any building, but shall apply to any alterations of a building to provide for its use for a purpose, or in any manner, different from the use to which it was put before alteration; provided, that this chapter shall not be construed to prevent the restoration of a building damaged not more than fifty percent of its valuation, by fire, explosion, act of God, or the public enemy, or prevent the continuance of the use of such building, or part thereof, as such use existed at the time of such damage; provided, that such restoration shall be begun and diligently pursued, within one year; nor, shall the same be construed to prevent a change of such existing use under higher classification as herein provided.

"No building which has been damaged as above provided, to the extent of more than fifty percent of its valuation, shall be rebuilt or repaired, except in conformity with the regulations contained in this chapter."

Plaintiff's basic contention is that she had a vested-right to use her land as a residential trailer site and to use her residential trailer as a dwelling thereon at the time of enactment of the Missoula zoning ordinance, which nonconforming use was preserved by section 32-10. Consequently, she argues, the replacement of her dilapidated and untenantable trailer with a newer one merely preserved her existing and vested nonconforming use without enlarging or changing it.

The fundamental position of defendant City of Missoula is that replacement of the deteriorated trailer with a newer one

constitutes a structural alteration of a nonconforming building subjecting it to existing zoning regulations irrespective of the absence of change in the nonconforming use.

In the instant case, it is undisputed that plaintiff and her predecessors in interest were using the land as a site for a residential trailer prior to enactment of the Missoula zoning ordinance. They had a vested right to use the land for this purpose, which nonconforming use was preserved by subsection (a) of section 32-10. As use of the land for this purpose has been continuous ever since, this vested right has not been abandoned nor lapsed to date. Thus plaintiff has a present existing right to use the land in question as a site for a residential trailer.

Subsection (d) of section 32-10 states that its provisions shall not apply to the existing *use* of any building "but shall apply to any alterations of a building to provide for its use for a purpose, or in any manner, *different from the use to which it was put before the alteration.*" (Emphasis supplied) Assuming, arguendo, that a residential trailer house is a "building" and that replacement of the trailer constitutes an "alteration" neither of which is at all clear, the express inclusion of alterations providing for a different use within the ambit of the section implies exclusion of alterations for the same purpose as the existing use which is not mentioned therein. Expressio unius est exclusio alterius—mention of one thing implies exclusion of another—is the familiar legal maxim expressing this principle. As subsection (d) limits the scope of the entire section, any effect that subsection (b), relating to structural alterations of existing buildings, might otherwise have is eliminated.

The case of Bixler v. Pierson, Fla., 188 So.2d 681, cited by defendant City of Missoula as supporting its position that trailers cannot be substituted to preserve an existing nonconforming use is inapplicable under the provisions of the Missoula zoning ordinance. In *Bixler* there was no counterpart in the city zoning ordinance to subsection (d) of section 32-10. The same can be said for the following cases cited in *Bixler,* in support of defendant's statement that "The holdings are practically unani-

mous that a nonconforming building devoted to a nonconforming use cannot be replaced with a new and larger nonconforming building even though it would be devoted to the same use.'' DeVito v. Pearsall, 115 N.J.L. 323, 180 A. 202; Austin v. Older, 283 Mich. 667, 278 N.W. 727; Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S.W.2d 207; Goodrich v. Selligman, 298 Ky. 863, 183 S.W.2d 625; Colati v. Jirout, 186 Md. 652, 47 A.2d 613. See also 87 A.L.R.2d 4.

If the City of Missoula wishes to provide for the eventual attrition of nonconforming structures or land use for residential trailer houses, its zoning ordinance must be amended to so provide.

We hold, therefore, that judgment in the instant case be amended to provide that plaintiff has an existing vested right to a nonconforming, continuous, and unchanging use of the land in question as a site for maintaining one single family residential trailer, including such use of such trailer itself thereon, under the facts and law presented to the district court together with costs awarded to plaintiff. The judgment of the district court, as so modified and limited, is hereby amended accordingly and, as so amended, is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON and DALY, concur.