342 So.2d 1031 (1977)
Harry JOHNSTON, Appellant,
v.
ORANGE COUNTY, a Political Subdivision of the State of Florida, and James W. Smart, Zoning Director of Orange County, Florida, Appellees.
No. 75-918.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
*1032 David J. Fuller, Orlando, for appellant.
Steven R. Bechtel of Mateer, Harbert, Bechtel & Phalin, P.A., Orlando, for appellees.
GALE, JOHN, Associate Judge.
Defendant-appellant Harry Johnston appeals a final judgment entered in favor of the plaintiff-appellees Orange County, a political subdivision of the State of Florida, and James W. Smart, Zoning Director of Orange County, Florida in a cause of action for violation of an Orange County Zoning Ordinance.
We reverse.
In 1973 the defendant Harry Johnston became the owner of a property in Orange County, Florida, which is zoned C-2 (General Commercial District) and known as the Covered Wagon Mobile Home Park. The property had the C-2 classification placed upon it in 1960 and at that time this classification permitted mobile home usage. In 1962 mobile home usage was removed from the C-2 classification and R-T (mobile home district) classification was created thereby making the existence of mobile homes on Mr. Johnston's property a non-conforming use. When Mr. Johnston purchased the property in 1973 it contained single family dwelling unit mobile homes. These were subsequently replaced by Mr. Johnston with "double wide" two family mobile homes, until there remained only one single family mobile home that had been placed on the property prior to 1973.
In April of 1974 the Zoning Department of Orange County issued a violation notice requiring the removal of the "double wide" units within ten (10) days. Upon Mr. Johnston's failure to comply, a complaint was filed seeking injunctive relief against Mr. Johnston alleging that he had extended and enlarged a non-conforming use by permitting an increased number of mobile home units to be placed upon his property, permitting the density of population of these mobile home units to increase and permitting the placement and use of duplex home units on that property. Mr. Johnston answered the complaint denying generally the allegations. The cause went on to a non-jury trial. The trial court entered a final judgment in favor of Orange County determining that Mr. Johnston's mobile home park was a non-conforming use and he had extended and enlarged the non-conforming use on his property in violation of Orange County Planning Zoning Resolution by permitting the placement and use of duplex mobile home units on the property. It is from this Final Judgment that Mr. Johnston appeals.
The issue for our determination upon this appeal is whether there was substantial evidence presented to the trial court which showed an improper extension or enlargement of a non-conforming use.
The applicable Orange County Zoning Resolution provides:
"ARTICLE XXIV
Non-Conforming Uses
Section 1. INTENT

*1033 It is the intent of this Article that the lawful use of any building, structure, or land existing at the time of adoption of this Resolution may be continued although such use does not conform with the provisions of this Resolution, provided the following conditions are met:
* * * * * *
Section 5. EXTENSION
Buildings or structures or uses of land which are non-conforming shall not be extended or enlarged, provided, however, that any non-conforming use may be extended if such extension will make such use conform with current regulations for the district in which it is located."
The Complaint of Orange County dwells upon an extension or enlargement of a non-conforming use. The violation specifically resolves completely on the fact that there has been a replacement of "double wide" mobile homes where single mobile homes had previously existed.
Significantly the record is devoid of any substantial evidence which might prove that particular extension or enlargement. The trial court could not have determined by this record if the number of "double wides" exceeded the amount of single family trailers that previously existed nor could the trial court determine if the replacement of "double wide" single family trailers actually had an effect of increasing the density of population or if such replacement would have been detrimental to the public health, welfare and safety.
The Courts of this State have never questioned the right of a municipality or county to impose reasonable restrictions on the expansion of a non-conforming use. However, justice requires substantial proof of the violation of such restrictions. To enter a judgment in favor of Orange County, on the face of this record invades the constitutional guarantee of due process for protection of private property.
In view of the foregoing, the Judgment is reversed and the cause remanded to the trial court to take such testimony as consistent with the determination herein.
REVERSED AND REMANDED.
CROSS, J., concurs.
MAGER, C.J., dissents.
MAGER, Chief Judge, dissenting:
In my opinion the decision of the trial judge should be affirmed upon the authority of Bixler v. Pierson, 188 So.2d 681 (Fla. 4th DCA 1966). The majority opinion, most respectfully, not only conflicts with this court's decision in Bixler but is contrary to the applicable Orange County zoning regulations. Accordingly, I would affirm.