455 So.2d 642 (1984)
TOWN OF REDINGTON SHORES, Appellant,
v.
Elisa INNOCENTI, Appellee.
No. 83-2422.
District Court of Appeal of Florida, Second District.
September 14, 1984.
James W. Denhardt of Denhardt and Andringa, St. Petersburg, for appellant.
David A. Bacon of Bacon, Bacon & Miller, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
Appellant city appeals from the trial court's final judgment granting the relief requested by appellee property owner against the appellant by requiring the issuance of a building permit. We reverse.
Appellee owns a single story residence within the municipal corporate limits of appellant. Appellee applied for a building permit to add a second story with three additional bedrooms. When appellant refused to issue the permit, appellee brought this suit. The trial court, without explanation, determined that the proposed addition of the second story would be lawful.
The residence is located in an area zoned CTF, or commercial tourist facility. The zoning code of appellant provides for exclusive or non-cumulative zoning; that is, only designated uses are allowed in each zoning district. This differs from a cumulative zoning code under which designated uses and all "higher" uses are allowed in each zone. See 2 Rohan, Zoning and Land Use Controls § 1401 (1984). Under a cumulative zoning code, appellee's residence would probably be allowed in a CTF zone. However, under appellant's non-cumulative code, residences are not permitted in the CTF district.
Therefore, appellee's residence, which existed at the time the current zoning code was enacted, is a nonconforming use. Appellee has not challenged, either in the trial court or on appeal, the validity of appellant's non-cumulative code. The issue which was before the trial court and is before us is simply whether the proposed addition to appellee's residence would be lawful under the zoning code.
*643 In addition to being a nonconforming use by virtue of being a residence in a CTF district, the residence is, and would be with a second story, a nonconforming use as to coastal construction set-back line and as to parking spaces. With the second story, it would also be nonconforming as to side and rear set-back lines.
An extension of a nonconforming use, which the record shows would occur here if the second story were permitted, is not lawful. See Bixler v. Pierson, 188 So.2d 681 (Fla. 4th DCA 1966). As in Bixler, appellant's zoning code prohibits an extension of an existing nonconforming use.
Johnston v. Orange County, 342 So.2d 1031 (Fla. 4th DCA 1977), cited by appellee, is distinguishable. There the Fourth District Court of Appeal refused to disapprove a certain use of property where the record failed to establish that the use would be an extension of a nonconforming use which had existed when the zoning was changed.
We reverse and remand for entry of judgment in favor of appellant.
DANAHY, A.C.J., and CAMPBELL, J., concur.