# CONTINENTAL HOTEL, INC. v. ZONING BOARD OF ADJUSTMENT, CITY OF MIAMI BEACH

### Case No. 84-218 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

July 19, 1985

### APPEARANCES OF COUNSEL

**David H. Nevel** for appellant.

**Arnold M. Weiner** for appellee.

Before HENDERSON, LEVY and SHAPIRO, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

Appellant, Continental Hotel, Inc., appeals from an administrative decision of the Zoning Board of Adjustment of the City of Miami Beach, which decision designated the Continental Hotel as a non-conforming adult congregate living facility and authorized an eighty (80) bed capacity. Appellant contends the Board was incorrect in limiting the bed capacity and in imposing conditions to the non-conforming use.

The Hotel is a facility which caters to the retired and elderly and provides communal dining, recreation and minimal health care to its

residents. On April 4, 1983, Continental received a license from the Department of Health and Rehabilitative Services to operate an eighty (80) bed Adult Congregate Living Facility for a one (1) year period. At the time the license was issued, no valid zoning ordinance existed on Miami Beach regulating adult congregate living facilities. In June, 1983, the City passed Zoning Ordinance 383-2382 regulating Adult Congregate Living Facilities and providing standards for same. It prohibited Adult Congregate Living Facilities on Collins Avenue, the location of Appellant's Hotel.

Sometime prior to April 4, 1984, Continental sought renewal of its HRS license, which renewal was granted on April 4th, but at an increased capacity of one hundred fifty four (154) beds.

In May, 1984, Continental applied for an occupational license from the City and sought an opinion as to whether or not Continental was a non-conforming use. The Director of the City Development Services Department opined Continental was not a non-conforming use and issued such an opinion. Continental appealed to the Zoning Board of Adjustment.

A public hearing was held before the Zoning Board of Adjustment in July, 1984, at which time Continental contested the Director's opinion. After receiving testimony and hearing argument, the Board approved Continental as a non-conforming use at its Collins Avenue location but limited capacity to eighty (80) beds, and subject to conditions imposed by the Planning Department. It is from this decision this appeal ensues.

The City contends Continental should be permitted to remain at its location as a non-conforming use but since it increased its capacity from eighty (80) to one hundred fifty four (154) beds after the City's new ACLF Ordinance was enacted, the use should be limited to eighty (80) beds. Continental, on the other hand, argues only the use is non-conforming and no limitation should be placed on the number of beds within the facility.

It is generally recognized a non-conforming use cannot be expanded. *Town of Redington Shores v. Innocenti*, 455 So.2d 642 (Fla. 2d DCA 1984) and *Bixler v. Pierson*, 188 So.2d 681 (Fla. 4th DCA 1966). It is further recognized a municipality or county may impose reasonable restrictions on expansion of a non-conforming use. *Johnston v. Orange County*, 324 So.2d 1031 (Fla. 4th DCA 1977). There is a difference however, between expansion of a non-conforming use and intensification of a non-conforming use. The foregoing may be prohibited while the latter may not. *Silver v. Zoning Board of Adjustment*, 255 Atl.2d (Penn. 1969).

140

Section 12 of Miami Beach Zoning Ordinance No. 1891 provides, in part, as follows:

12-3 *Non-Conforming Use of Buildings.* A. Except as otherwise provided herein, the lawful use of a building existing at the effective date of this ordinance may be continued, although such use does not conform to the provisions hereof . . . The non-conforming use of a building may be hereafter extended throughout those parts of a building which were lawfully and manifestly arranged or designed for such use at the time of passage of these regulations.

From the foregoing, we conclude the City of Miami Beach has addressed the issue of intensification of non-conforming uses and has approved same so long as the intensification takes place within a structure which was properly arranged or designed for such use at the time the building became non-conforming. See *State v. Szymanski*, 189 Atl. 2d 514 (Conn. Ap. 1962); *Magness v. Caddo Parish Police Jury*, 318 So.2d 117 (La. 2d Cir. 1975); *City of Crowley v. Prejean*, 173 So.2d 832 (La. 3rd Cir. 1965).

In *State v. Wagner*, 195 Atl. 2d 224 (NJ 1963), the Court was faced with determining whether an increase in the number of tenants in a large apartment, because of its conversion into two apartments, constituted an increase in intensity or degree of a non-conforming use where no alteration or change in the premises was required. The Court reached the conclusion, as we do here, non-conforming uses may be continued as of right although they may not be enlarged or extended as a matter of right. The Court stated further;

The rule of law which prohibits a substantial extension or enlargement of the original use does not forbid an increase in the amount or intensity of use within the same area, so that such a non-conforming use may not only be continued but, also, may be increased in volume and intensity.

Based on the foregoing, we conclude the Zoning Board of Adjustment was correct in its determination that Continental was a proper non-conforming use, but erred when it limited the facility to an eighty (80) bed capacity and added conditions to the use. Accordingly, the Board's decision finding the facility to be a proper non-conforming use is affirmed. The decision limiting the facility to an eighty (80) bed capacity and imposing restrictions and limitations is reversed. The facility should be permitted to exist as an Adult Congregate Living Facility pursuant to Section 12 of the Miami Beach Zoning Ordinance, and natural intensification of the facility shall be permitted so long as the intensification takes place within the facility, requires no alteration

141

of the facility to accomplish the intensification, and meets H.R.S. licensure requirements.

IT IS SO ORDERED.