## ARES v CITY OF ORLANDO

### Case No. AP90-22 (Lower Case No. CEB 90-384)

Ninth Judicial Circuit, Orange County

July 17, 1991

### APPEARANCES OF COUNSEL

**Carole Joy Barice, Esquire,** for appellants.

**Frances R. Brown,** Assistant City Attorney, for appellee.

Before LAWRENCE R. KIRKWOOD, Circuit Judge.

### OPINION OF THE COURT

Appellants appeal a final decision of Code Enforcement Board for the City of Orlando, requiring corrective action within a specified period of time. Failure to follow the compliance schedule would result

in a penalty for each and every day that violations continue past the date specified in the schedule.

Appellants purchased property on December 15, 1980, and tried to present evidence to establish that their property was grandfathered in as a non-conforming use and was not subject to violations, first observed on January 8, 1990.

The Code Enforcement Board sits as a quasi-judicial body, pursuant to *Florida Statutes* 162, a party may appeal to the Circuit Court within 30 days of the Order. The Circuit Court is to determine if the Appellant received due process, whether the essential requirements of law were observed and whether the Code Enforcement Board's conclusions of law were supported by competent substantial evidence.

In this case, the Code Inspector was allowed to testify without interruption by the Board with no questioning by the Appellants. The Appellants were not permitted to present adequately their issue regarding the grandfathering in of a valid non-conforming use. The chairman kept insisting that Appellants' presentation was not really pertinent and they were not allowed sufficient opportunity to refute the allegations of the Code Inspector.

The Appellants were denied fundamental due process of law by the Code Enforcement Board. The constitutional right of due process of law, for the protection of private property applies in administrative proceedings. *Jonas v Florida Real Estate Com.,* 123 So.2d 264 (Fla. 3rd DCA 1960); *Thorn v Florida Real Estate Com.,* 146 So.2d 907 (Fla. 2nd DCA 1962), 1 Fla.Jur.2d, *Administrative Law,* § 71. Additionally, Florida Statutes 162.07(3) requires that the Code Enforcement Board observe fundamental due process in their proceedings:

162.07(3) An enforcement board shall proceed to hear the cases on the agenda for that day. All testimony shall be under oath and shall be recorded. The enforcement board shall take testimony from the code inspector and alleged violator. Formal rules of evidence shall not apply, but fundamental due process shall be observed and shall govern the proceedings.

To meet the constitutional and statutory requirements of due process, the Appellants should have been given a hearing that was full and fair; not merely colorable or illusory. *Redman v Kyle,* 80 So. 300 (Fla. 1918); 1 Fla.Jur.2d, *Administrative Law,* § 74.

An administrative proceeding should provide a citizen with a fair, open and impartial hearing, free from any suspicion of prejudice, unfairness, fraud or oppression. *Drew v Insurance Commissioner and Treasurer,* 330 So.2d 794, 796 (Fla. 1st DCA 1976). Such a hearing

was not offered to the Appellants in the proceeding before the Code Enforcement Board.

The chairman refused the Appellants an opportunity to raise reasonable and legitimate defenses. The constitutional requirements of due process is not satisfied by a hearing if a person whose life, liberty or property is at stake is not permitted to interpose reasonable and legitimate defenses. *State v Baldwin,* 31 So.2d 627, 630 (Fla. 1947). Florida Statute 162.07(4), is as follows in part:

> At the conclusion of the hearing, the enforcement board shall issue findings of fact, based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with powers granted herein . . .

In this case, the findings of fact and conclusions of law do nothing more than rubber-stamp a document entitled "Compliance Schedule" that was prepared by the Code Inspector, which was signed and dated, five days prior to the hearing. The Board entered no independent findings or conclusions of law based on the hearing. The Order merely confirms the unfairness of the proceedings and the predetermined mind-set of the Board. The Order of the Board fails to comply with essential requirements of law. *Hanna v Palm Beach County Board of Adjustment, 42 Fla.Supp.2d 34 (1990).*

The Code Inspector's case was based upon the following facts: that the property was currently being used for four apartments, that a conversion from single family to four units had occurred between 1939 and 1990, and that the conversion must have been illegal because his review of City records did not show a building permit for the work. It was understood that the work took place prior to the Appellants purchasing of the property and that the work probably had taken place prior to the 1960's. There was not competent and substantial evidence produced by the City to prove when the conversion took place, or whether, when done, it was without the full knowledge and consent of the City, nor was competent substantial evidence produced that, whenever done, the work was illegal or not permitted by *Code.*

This placed the Appellants in the impossible position of having to prove that a permit or variance was in fact issued to some predecessor in title, whose whereabouts are unknown and who may be deceased, for work done potentially as far back as 50 years ago. City officials readily acknowledge that their records prior to 1960 are incomplete and that many records were destroyed by flood. Whether permits or a variance were issued or even required for the work when it was done, is unknown.

The Board refused to consider evidence regarding the history of the property and the permits that had been issued. These actions on the part of the Board was tantamount to placing an irrebuttable presumption of illegality on an existing and long-standing use of the property. This places an unfair burden of proof on an innocent purchaser, and violates fundamental due process. *State v Baldwin,* 31 So.2d 627, 632 (Fla. 1947).

Justice requires substantial proof that there has been a violation of the restrictions on continuing a nonconforming use prior to ordering its termination. *Johnson v Orange County,* 342 So.2d 1031 (Fla. 4th DCA 1977); 7 Fla.Jur.2d, *Building, Zoning, and Land Controls,* § 133.

The Appellee argues for the first time in its brief, that the use of the property by the Appellants was never legal and thus could not be a nonconforming use regardless of whether it existed for several years. This issue was simply not addressed by the Code Enforcement Board. If it had been addressed and if a fair hearing had occurred, this issue could have been resolved at that level.

Because this Court has found that the Code Enforcement Board's actions were not supported by substantial competent evidence, that the Appellants were not afforded due process of law, and that essential requirements of law were not observed; there is no need to discuss the issues raised by the Appellants of estoppel, latches or the issue of illegality of a nonconforming use. Such should be addressed at any subsequent meetings of the Code Enforcement Board. The Code Enforcement Board's actions dated April 16, 1990, are hereby set aside.

REVERSED. The Clerk is directed to issue a mandate to the Code Enforcement Board of the City of Orlando consistent with this opinion.