SHARP, W., J.,
dissenting.
I respectfully dissent, because in my view, the circuit court failed to apply the correct law. Instead of determining whether the City’s zoning decision was supported by competent substantial evidence, the court granted the petition for certiorari based on conflicting evidence presented by Graubard, the property owner. On appeal; the City of St. Augustine, Florida, seeks review of the circuit court’s order granting Robert Graubard’s[1] petition for certiorari, which quashed the City’s denial of Graubard’s rezoning application. I would reverse.
The record reflects that Graubard sought rezoning for two properties: a bed and breakfast and boarding house for weekly rentals. Both are located on adjacent bayfront lots in the HP-1 Historic Preservation Zoning District in St. Augustine. Both are grandfathered, non-conforming uses.
The HP-2 District, which is across the street, twenty-five to fifty feet away, permits daily rentals, while HP-1 does not. Graubard applied to rezone the properties to a Planned Unit Development, so that he might convert the two properties into one bed and breakfast, add an enclosed porch, a connecting walkway, and improved dining facilities. The PUD zoning would also allow daily, rather than weekly, rentals.
HP-1 is St. Augustine’s most restrictive Historic Preservation Zoning District. Permitted uses are single family residential, which includes owner occupied or rental dwelling units rented on a monthly or longer basis, and accessory apartments, duplexes and rental dwellings rented on a monthly or longer period of time. Permit *273 ted uses by exception are public administrative and service facilities and business offices, museums and housing for employees, churches, schools, and nonprofit museums and libraries relating to the history of the city and state.
Section 28-113 of the City code provides that non-conforming uses are incompatible with permitted uses and expressly states: “A non-conforming use of a structure, a non-conforming use or structure and land or water in combination shall not be extended or enlarged after the adoption of this chapter April 28, 1975.” (emphasis supplied) The City’s comprehensive plan also provides that non-conforming uses are to be reduced.
Pursuant to the code, any use which is permitted or permissible by exception in any zoning district may be included and approved in a PUD. A PUD may be established upon findings that it does not adversely affect the orderly development of the City or the health and safety of the residents in the area, will not be detrimental to the natural environment or the use or development of the adjacent properties or the general neighborhood, and will accomplish the objectives and meet the standards and criteria established for a PUD. One of the criteria listed is that a PUD should normally consist of the minimum of ten acres. The properties in this ease are far less than ten acres.
After the City Planning and Zoning Board heard testimony from Graubard, it recommended approval of the rezoning application. The City Commission held public hearings on November 8, 1999 and December 13, 1999, and rejected the rezoning application. Numerous citizens objected to the rezoning, complaining it amounted to spot zoning, violated the ten-acre requirement, constituted increased commercial intrusion, and would add to parking problems.
Graubard then sought certiorari review in the circuit court. He argued that he had presented competent substantial evidence to meet his initial burden to show that he qualified to obtain a PUD, and that there was no competent substantial evidence to support the denial of his application by the City. Thus, he claimed that the denial of the rezoning was arbitrary, discriminatory and unreasonable.
The circuit court quashed the denial of the rezoning application. It pointed out that only minor changes would be made to the exterior of the properties and that renovations could be restricted by building officials and historical boards under the PUD. The court also stated that other nonconforming uses “abounded” in the area, and pointed out the City had permitted an expansion of a nearby motel, affecting height limits, parking areas and other impacting factors. It concluded that the application in this case would not involve density changes, unlike the motel, and involved only limited exterior changes.
The court also found that most of the residential owners closest to the property did not object to the application and that the changes would not deviate from the existing comprehensive plan, or create a substantial deviation from the current historical appearance. It acknowledged that converting weekly rentals to daily rentals constituted a potential furtherance of a recognized non-conforming use, but concluded that this was not sufficient to justify rejection of the application in the special circumstances of the case.
The circuit court determined that the strongest opposition to the application came from a motel owner whose property was fifty feet away from the Graubard properties and who may have been influenced by a desire to avoid competition. Thus, the court concluded that the motel owner’s testimony was not substantial. In addition, the court emphasized that there was no adverse impact established by the City to justify denial of the rezoning, pointing out that density of the proposed PUD was around thirty, so it could be said the application would reduce impact by removing weekly and long-term rentals. The court also stated that the City had *274 failed to address the structural improvements which would be accomplished without changing the neighborhood and concluded that the “clamor of the crowd” should not be considered substantial evidence, although noting that there was very little clamor in this ease.
This court’s review of the circuit court order is limited to determining whether the circuit court afforded procedural due process and applied the correct law. This court may not review the record to determine whether there was competent substantial evidence to support the City’s decision, as that is the sole function of the circuit court. See Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). See also Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).
It appears to me that the circuit court incorrectly applied Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993) and the City code. In Snyder, the supreme court stated:
[A] landowner seeking to rezone property has the burden of proving that the proposal is consistent with the comprehensive plan and complies with all procedural requirements of the zoning ordinance. At this point, the burden shifts to the governmental board to demonstrate that maintaining the existing zoning classification with respect to the property accomplishes a legitimate public purpose. In effect, the landowners’ traditional remedies will be subsumed with this rule, and the board will now have the burden of showing that the refusal to rezone the property is not arbitrary, discriminatory, or unreasonable. If the board carries its burden, the application should be denied.
Id. at 476.
Under Snyder, the City had to show that the current zoning accomplishes a legitimate public purpose and that its refusal to rezone the property was not arbitrary and discriminatory or unreasonable. The circuit court did not address these issues. And, it did not make any finding that there was no competent substantial evidence that there was a legitimate public purpose and reasonable basis to deny the application.
This would have been difficult to do, since the record discloses the City’s zoning code provides a clear statement of its legislative intent. Section 28-182 states the intent is to dedicate historic preservation districts to primarily residential use, and lodging establishments are not permitted uses or exceptions in HP-1 Districts under section 28-183. In addition, section 28-113 provides that nonconforming uses are incompatible with permitted uses and should not be extended, but rather discouraged. The PUD proposed would defeat the stated legislative purpose of each of those provisions. The zoning regulations obviously contemplate the eventual elimination of all non-conforming uses. See Bixler v. Pierson, 188 So.2d 681 (Fla. 4th DCA 1966). See also 3M National Advertising Co. v. Tampa Code Enforcement Bd., 587 So.2d 640 (Fla. 2d DCA 1991); Lewis v. City of Atlantic Beach, 467 So.2d 751 (Fla. 1st DCA 1985); Town of Redington Shores v. Innocenti, 455 So.2d 642 (Fla. 2d DCA 1984).
It also appears to me that the circuit court applied the incorrect law by reweighing the evidence presented to the City, substituting its judgment for that of the City Commission, which it must not do. St. Johns County v. Smith, 766 So.2d 1097 (Fla. 5th DCA 2000); Orange County v. Lust, 602 So.2d 568, 572 (Fla. 5th DCA), rev. denied, 613 So.2d 6 (Fla.1992); City of Jacksonville Beach v. Marisol Land Development, Inc., 706 So.2d 354, 355 (Fla. 1st DCA 1998); Town of Indiatlantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981), approved, 419 So.2d 1041 (Fla.1982).
The circuit court should have reviewed the evidence to determine whether it was sufficient to justify denial of the rezoning, or to make such a ruling. It did not do so. Rather, it looked solely at the evidence favorable to Graubard to decide de novo, whether the application should be granted. The court made findings to support its own *275 judgment: i.e., there would be no major exterior changes to the property; there were other non-conforming uses in the area; there would be no density changes; and the changes could be made without substantially changing the character of the neighborhood. However, it did not mention any contrary evidence. Also, the court made its own determination regarding the credibility of the witnesses, discounting the testimony of a nearby motel owner and other neighbors as “the clamor of the crowd.”
Where the facts are in dispute and evidence would support a rezoning decision either way, the decision of the zoning body should be upheld. See Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 606 (Fla. 3d DCA), rev. dismissed, 680 So.2d 421 (Fla.1996). See also Florida Power & Light Co. v. City of Dania. Citizen testimony in a zoning matter is perfectly permissible and can constitute substantial competent evidence. Metropolitan Dade County v. Section 11 Property Corp., 719 So.2d 1204 (Fla. 3d DCA 1998), rev. denied, 735 So.2d 1287 (Fla.1999). The court did riot consider whether the testimony of the neighbors included any facts which a reasonable person would accept to support the City’s decision.
It also appears that the circuit court improperly relied on matters outside the record as to its findings that there are other non-conforming uses which “abound” in the area, and that the City had permitted the expansion of a nearby existing motel. There is no evidence in the record to support these findings and, in fact, it appears the record reflects the City rejected an application to expand a nearby hotel.
In St. Johns County v. Smith, this court held that the circuit court was limited to the record made in the zoning hearing under review when formulating its decision. In that case, after the certiorari petition was filed in the circuit court, the property owner made an offer of compromise and a staff report was submitted in response to the offer, both of which were improperly considered by the court. As stated in First City Savings Corp. of Texas v. S & B Partners, 548 So.2d 1156, 1158 (Fla. 5th DCA 1989) “[i]n a common-law certiorari proceeding to review a zoning decision, a circuit court is restricted solely to the record of the proceeding conducted by the zoning authority.” See also Miramar City v. Amoco Oil Co., 524 So.2d 506 (Fla. 4th DCA 1988); Ft. Lauderdale Bd. of Adjustment v. Nash, 413 So.2d 855 (Fla. 4th DCA 1982).
I submit the circuit court order under review should be quashed because the court improperly re-weighed the evidence and considered matters outside the record. As emphasized in Florida Power & Light Co. v. City of Dania, the circuit court in such a case must simply determine whether the City’s decision was supported by competent substantial evidence, and not whether there is evidence to support the other side. Nor may the court substitute its judgment for that of the zoning authority buttressed by evidence outside the record. I would quash the lower court’s order granting Graubard’s petition for certiorari, and allow the City’s denial of the PUD to stand.

. Trustee ol the Graubard Family Trust.