[No. 3326-1-III.   Division Three.   April 10, 1980.]

HARLAN D. DOUGLASS, ET AL, *Appellants,* v. THE CITY OF SPOKANE, ET AL, *Respondents.*

---

824

*Joseph P. Delay* and *Delay, Curran & Boling,* for appellants.

*James Sloane, Corporation Counsel,* and *Larry Winner, Assistant,* for respondents.

GREEN, C.J.—Plaintiffs appeal from a judgment which declared the effect of certain zoning ordinance provisions, and affirmed the Spokane Zoning Board of Adjustment's denial of plaintiffs' request for a variance or, in the alternative, a certificate of compliance. We affirm.

Four issues are raised: (1) Is the 3-year statute of limitation contained in Spokane's zoning ordinance applicable to the zoning violation involved here? (2) Are the ordinance definitions of "family" and "dwelling unit" void for vagueness? (3) Does the doctrine of equitable estoppel bar the

City's complaint concerning the alleged violation? and (4) Should the action of the zoning board be overturned as arbitrary and capricious or for failure to enter written findings?

The parties stipulated to the following facts in a pretrial order. In March 1972, plaintiff Harlan Douglass was issued a building permit for the construction of a 7–family apartment building at East 711 Sharp. The building department made its final inspection of the constructed building and approved it on August 21, 1973. Following a subsequent inspection, the department determined that Douglass' apartment building contained eight occupied units in violation of the permit. The occupation of the eighth unit also resulted in violations of several provisions of the building code. Specifically, the building, as occupied, did not meet the requirements for off–street parking, open area, and lot size for an 8–unit multiple residence. On February 4, 1977, the building director wrote Mr. Douglass advising him of the violations and directing him to stop using the eighth apartment as a dwelling unit. Similar action was taken with respect to plaintiffs' apartment building located at East 714 Sharp, which also contained eight occupied dwelling units contrary to a 1975 permit limiting the building to seven families.

On April 13, 1977, the Zoning Board of Adjustment heard and denied Mr. Douglass' appeal of the building director's determination. On June 8, the board denied his request for a variance or, in the alternative, a certificate of compliance. On appeal, the Superior Court upheld the decision of the zoning board and, in a separate declaratory judgment action, construed the provisions of the zoning ordinance unfavorably to plaintiffs.

First, plaintiffs contend that the 3–year statute of limitation contained in section 360.40 of the zoning ordinance bars the building director's determination with respect to the apartment house located at East 711 Sharp, because construction on that building was completed more

than 3 years prior to the discovery of the violation. Section 360.40 provides:

No action against the person or property for violation of the provisions of this Ordinance *with respect to area and yard requirements, dimensions and locations of structures, or the location of off–street parking and loading areas on a lot* shall be commenced after three (3) years from the construction of the structures . . .

(Italics ours.) The trial court concluded that the violation here was a use violation, since it resulted from the occupancy of the eighth apartment as a dwelling unit contrary to the permit. The trial court ruled that the quoted statute of limitation does not apply to such violations. We agree. The apartment building, as finally constructed, did not violate the requirements mentioned in section 360.40 as the extra space could have been used for a lounge or other purposes beneficial to the other residences. The area and yard requirements, dimensions and location of structures and the off–street parking and loading areas conformed to the permit. The violation occurred when plaintiffs used the extra space as a dwelling unit. This type of violation is a continuing one for which no limitation of action is prescribed by statute or ordinance.

Second, plaintiffs assign error to the trial court's conclusion that the ordinance provisions defining "dwelling unit" and "family" are not constitutionally vague. Section 110-.050 of the zoning ordinance reads:

"Dwelling Unit." 1. One or more rooms *designed as a unit,* with kitchen facilities therein, for occupancy by one (1) family for living and sleeping purposes.

(Italics ours.) Section 110.060 describes "family" as:

"Family." 1. An individual or two (2) or more persons related by blood, marriage or legal adoption, or a group of not more than five (5) persons unrelated by blood, marriage, or legal adoption, living together as a single housekeeping unit and doing their cooking on the premises *in a dwelling unit* . . .

(Italics ours.)

■ Plaintiffs assert that under these definitions it is arguable that all eight units of their apartment buildings could be occupied legally, provided that two of the units were occupied by one family. We disagree. Giving the definitions a fair reading, it is obvious that the drafters of the ordinance contemplated that a single family would live in a single dwelling unit. Since a dwelling unit is defined as one or more rooms *designed as a unit,* two separate apartments with separate facilities cannot logically be construed as coming within that definition. Consequently, we agree with the trial court that these terms are not void for vagueness. The statues give adequate notice of what is prohibited. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 273, 501 P.2d 290 (1972).

■ Third, plaintiffs claim that the trial court erred in refusing to hold that the City was equitably estopped from complaining of the use violation. We recognize that estoppel may run against a municipality when necessary in order to prevent a manifest injustice and the exercise of the city's governmental powers will not be impaired thereby. *Finch v. Matthews,* 74 Wn.2d 161, 175, 443 P.2d 833 (1968). Here, the court found that at the time of final inspection neither building contained eight *occupied* dwelling units. However, in our view, whether the buildings contained eight *occupied* dwelling units is not decisive of the issue. If the inspector overlooked the extra occupied unit in the final inspection, that oversight inured to the benefit of the owner who has received rent during the period before discovery. Furthermore, the court found that the City of Spokane did not have a policy, as alleged by the plaintiffs, of deliberately overlooking extra units in apartment houses, nor did the City have notice of the use violation because it billed for utilities servicing eight separate units. These findings are supported by substantial evidence. That evidence includes the testimony of Robert Reese, the City's director of buildings, concerning the City's policy during this time, and the fact that the utility service for an extra unit could be attributed to the unit's use as a recreation room rather than a

residence. Hence, the plaintiffs' conduct in adding units over and above the permit in the hope that the City would not discover them and enforce the ordinance cannot be excused on the basis of estoppel. We find no error.[1]

Fourth, the plaintiffs ask this court to overturn the decision of the Zoning Board of Adjustment denying their request for a variance or, in the alternative, a certificate of compliance. They argue that the board's decision was arbitrary and capricious and that the board failed to include in the written record its findings of fact. We affirm the board.

Section 330.30 of the zoning ordinance provides that the board shall grant a variance if it finds that the variance

> will not be unduly detrimental to surrounding properties nor contrary to the public interest and that it will alleviate a clearly demonstrated practical difficulty or unnecessary hardship as distinguished from a special privilege of convenience or increased financial return sought by the owner.

After hearing the plaintiffs' request, the zoning board notified them by letter that it could not find any exceptional conditions inherent in and peculiar to their properties and not common to other properties in the zone that would justify a variance. This letter also stated:

> The board could not find that the variances requested would not be unduly detrimental to surrounding properties nor contrary to the public interests and that it will alleviate a clearly demonstrated practical difficulty or unnecessary hardship as distinguished from a special privilege of convenience or increased financial return sought by the owners.

█ It is evident that whether a variance should be granted is a factual determination, but the record here does not include for our review either a verbatim or a narrative

---

[1]Plaintiffs also argue that the City should have rejected their building plans if eight units were not acceptable. Those plans are not part of the record. Moreover, the building permits for the apartments specify that the buildings are to house seven families.

report of the proceedings before the zoning board. Notwithstanding, plaintiffs' brief summarizes the evidence presented to the board. We find nothing in that summary which would support our overturning the zoning board's decision under any standard of review.[2] Plaintiffs mistakenly rely on *Parkridge v. Seattle,* 89 Wn.2d 454, 460–61, 573 P.2d 359 (1978), where the court in a rezone action refused to presume in the absence of a record that the board's decision to rezone was in the public interest. The *Parkridge* court said that the burden of proof in a rezone action is upon the one seeking the change. Here, plaintiffs sought the variance and, therefore, they are the ones who bear the burden of proof. They failed to meet this burden.

With regard to the request for a certificate of compliance, such a certificate is granted only where there has been a good faith violation which does not substantially frustrate the spirit of the zoning ordinance. Section 330.30(2)(c). As with the variance, the plaintiffs had the burden of proving that a certificate of compliance was appropriate. They did not meet this burden.

Accordingly, we hold that the denial of plaintiffs' request for either a variance or a certificate of compliance was proper. Additionally, the zoning board's letter notifying plaintiffs of its decision and the reasons supporting it was an adequate substitute for formal, written findings.

The City's assignments of error in its cross–appeal question whether the statute of limitation contained in section 360.40 of the zoning ordinance can be interpreted as running from the time of occupancy of the extra unit. Since we have held that the violation here was a use violation, and, thus, a continuing violation not barred by any statute of limitation, we need not consider these assignments of error.

---

[2]Plaintiffs' extensive reference to cases interpreting RCW 34.04, the administrative procedures act, is not apposite. This statute relates to state agencies, not municipal bodies. Washington Ass'n for Retarded Citizens v. Spokane, 16 Wn. App. 103, 112, 553 P.2d 450 (1976).

Affirmed.

MUNSON and MCINTURFF, JJ., concur.

Reconsideration denied May 23, 1980.

Review denied by Supreme Court August 15, 1980.